Motion for Rehearing Overruled, Appeal Dismissed,
Petition for Writ of Mandamus Conditionally Granted, Opinions of March 4, 2010
Withdrawn and Substitute Majority and Dissenting Opinions filed May 27, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          




NO. 14-09-00387-CV



 

                           
                     
 IN RE STEVEN TUAN PHAM



Original Proceeding 

Writ of Mandamus



 

                                                                                         




NO. 14-08-01153-CV



 

STEVEN TUAN PHAM, SMITH & GARG, L.L.C., AND SARITA
GARG., Appellants

V.

SHELLY LETNEY, Appellee

 



On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2008-43381



 

DISSENTING OPINION

In consideration of the unique relationship between
attorney and client, I write this dissenting opinion
to express my concern about mandatory arbitration provisions in attorney-client
agreements.

I have no disagreement with the majority’s analysis
and disposition of all issues with the exception of Shelly Letney’s
claim that the method or means of inducing her signature on the agreement
renders enforcement procedurally unconscionable.  I adopt former Fourth
Court of Appeals Chief Justice Phil Hardberger’s
concern that special public-policy considerations are implicated when an
attorney imposes an arbitration provision on his or her client.  See Henry v. Gonzalez, 18 S.W.3d 684, 692 (Tex. App.—San
Antonio 2000, pet. dism’d) (Hardberger,
C.J., dissenting).  Accordingly, I disagree with the majority’s
decision to “decline to impose a requirement that attorneys must, in all cases,
fully inform prospective clients regarding implications of an arbitration
clause in an attorney-client contract.” 

Whatever public policy may be served by enforcing
arbitration agreements is more than offset by the public policy of insuring
that consumers of legal services have protection from attorneys who might take
advantage of their clients.  Shelly Letney, a
personal-injury claimant, is representative of the average consumer of legal
services.  She should be afforded the expectation that an attorney is
obligated to fully reveal and explain potential conflicts of interests at the
inception of the relationship.  Moreover, the attorney should offer the
prospective client an opportunity to seek advice from another source before
signing an attorney-client agreement that contains language potentially
detrimental to the client’s interests if the client later finds it appropriate
or necessary to pursue the attorney for malpractice or other misconduct.

Under the Texas Disciplinary Rules of Professional Conduct,
“A lawyer shall explain a matter to the extent reasonably necessary to permit
the client to make informed decisions regarding the representation.”  Tex.
Disciplinary R. Prof’l Conduct 1.03(b), reprinted in Tex. Gov’t Code Ann., tit.
2, subtit. G app. A (Vernon 2005) (Tex. State Bar R.
art. X, §9).  The Supreme Court of
Texas Professional Ethics Committee agrees that lawyers should be allowed to
insert arbitration clauses in their client contracts as long as “(1) the client
is aware of the significant advantages and disadvantages of arbitration and has
sufficient information to permit the client to make an informed decision about
whether to agree to the arbitration provision, and (2) the arbitration
provision does not limit the lawyer’s liability for malpractice.”  See
Tex. Comm. On Prof’l Ethics, Op.
586 (2008).

Notwithstanding the application of settled contract
law and public policy favoring alternate dispute resolution, many respected
jurists and lawyers oppose arbitration because it is not cost effective,
disgorges unwary consumers of the right to a jury trial, and eliminates
appellate review for errors of law.  I remain a proponent of
arbitration.  However, when the legislature and rule-making authority in
the legal profession fail to protect consumers of legal services, I believe the
courts have an obligation to act because public perception of the legal
profession’s ability to self-police is not favorable.

Based on
Shelly Letney’s averment that she was unaware of the
arbitration agreement and her sworn statement that petitioner did not fully
explain the terms, I would hold the trial court did not abuse its discretion by
denying the petitioner’s motion to compel arbitration.  Accordingly, I
respectfully dissent.

 

                                                                                   


                                                                       
/s/        Charles W. Seymore

                                                                                   
Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan (Hedges, C.J., majority).